**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-7819**
_____

DERRICK MONTRIAL HARPER,

              Petitioner - Appellant,

     v.

ROBERT JONES,

              Respondent - Appellee.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Fox, Senior District Judge.  (5:11-hc-02074-F)

_____

Submitted:  September 30, 2013     Decided:  October 18, 2013

_____

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mark Everette Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant.  Roy Cooper, Attorney General, Clarence Joe DelForge, III, Assistant Attorney General, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Montrial Harper, a North Carolina state prisoner, appeals the district court's order dismissing his 28 U.S.C. § 2254 (2006) petition claiming ineffective assistance of trial counsel. Harper, convicted of murdering Anthony Williams and Donald Hines during a brawl in the parking lot of a night club, argues that counsel was ineffective for not further investigating or presenting evidence that two other individuals, Terrell Cherry and Terry Andrews, may have been involved in the crimes. Finding no error, we affirm.

Because a certificate of appealability was granted as to this claim, our review is de novo. Bell v. Ozmint, 332 F.3d 229, 233 (4th Cir. 2003). A federal court may grant an application for habeas relief on a claim that has been adjudicated on the merits in state court only if that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The state court's denial of relief on Harper's claim of ineffective assistance should not be overturned unless Harper establishes that "there is no possibility fairminded jurists could disagree that the state

2

court's decision conflicts with [Supreme Court] precedents." Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

To establish ineffective assistance of counsel, Harper must demonstrate that counsel's performance fell below an objective standard of reasonableness and that the performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). Harper must overcome "a strong presumption that counsel's representation was within the wide range of reasonable professional assistance" and establish "that counsel made errors so serious that counsel was not functioning as the counsel guaranteed [him] by the Sixth Amendment." Harrington, 131 S. Ct. at 787 (internal quotation marks omitted). To establish prejudice, Harper must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. After a thorough review of the record, we conclude that the state habeas court did not unreasonably determine that Harper's claim meets neither the deficient performance nor the prejudice prong of Strickland.

First, Harper's counsel sensibly chose not to present the testimony of two witnesses who claimed that Cherry confessed to them his involvement in Williams' and Hines' murders. Counsel fairly regarded the alleged confession as potentially damaging to his credibility with the jury and Harper's defense

3

given the substantial irreconcilability of the confession with the physical evidence recovered from the crime scene and the testimony of four eyewitnesses to the murders. United States v. Terry, 366 F.3d 312, 318 (4th Cir. 2004).

Similarly, we conclude that the state habeas court reasonably determined that Harper's counsel did not render deficient assistance by failing to further investigate the possibility of defending Harper on the theory that Cherry or Andrews shot Williams or Hines. Given the inherent conflicts of Cherry's purported confession with the rest of the evidence that would be presented at trial, Harper's counsel could have reasonably concluded that further investigation into the matter would almost surely have been in vain and that his resources were better spent combatting the four eyewitnesses who inculpated Harper. Elmore v. Ozmint, 661 F.3d 783, 857 (4th Cir. 2011); Emmett v. Kelly, 474 F.3d 154, 161 (4th Cir. 2007).

Finally, we conclude that Harper has not shown a substantial likelihood he would have prevailed at trial but for his counsel's alleged deficiencies.[*] Elmore, 661 F.3d at 869-70. Harper can point to no evidence that his counsel had or might

---

[*] Although Harper hypothesizes on appeal regarding what additional evidence counsel's further investigation might have uncovered, he presented no such evidence to the state habeas court. Accordingly, his speculation has no bearing on our analysis. Elmore, 661 F.3d at 866-68.

4

have discovered that could have reconciled the contradictions between Cherry's supposed confession and the other evidence at trial. Although certain evidence would have confirmed static portions of Cherry's claimed admission and also suggested that Andrews had a motive to harm Williams, there is no reasonable likelihood that such substantiation would have overcome the fact that the eyewitnesses and physical evidence all refuted a conclusion that either Cherry or Andrews played any role in the murders. Reinforcing this conclusion is the fact that, had they testified, one witness to Cherry's professed confession would have admitted that she believed Cherry was lying to impress a woman, while the other witness would have admitted to being extremely intoxicated at the time.

Accordingly, we affirm the dismissal of Harper's 28 U.S.C. § 2254 petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5